UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| JASON SEJNOHA,<br><br>　　　　　　Movant,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　　Respondent. | 4:24-CV-04107-KES<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION |

　　　Movant, Jason Sejnoha, filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. Docket 1. The United States moved to dismiss Sejnoha's petition for failure to state a claim. Docket 18. The matter was referred to United States Magistrate Judge Veronica L. Duffy under 28 U.S.C. § 636(b)(1)(B). On January 21, 2025, Magistrate Judge Duffy submitted her report and recommended granting the government's motion to dismiss in its entirety. Docket 24. Sejnoha timely filed objections to the report and recommendation. Docket 28.

**FACTUAL BACKGROUND**

　　　A full factual background was provided by Magistrate Judge Duffy in her Report and Recommendation. Docket 24 at 2-8. Thus, the court will only give a simple explanation and points to Magistrate Judge Duffy's Report and Recommendation for the full background.

　　　In his § 2255 motion, Sejnoha argued that his entry of a guilty plea on March 20, 2023, was invalid due to the ineffective assistance of his attorneys,

Ryan Kolbeck and Manuel de Castro. Docket 1. He points to many deficiencies, including Kolbeck's failure to advise Sejnoha of his speedy trial rights (Docket 1 at 1-2), Kolbeck's failure to move for an evidentiary hearing that Sejnoha believed would be successful (Docket 1 at 2), claims that both Kolbeck and de Castro had threatened and coerced him into entering a guilty plea (Docket 1 at 2), de Castro's not preparing a satisfactory presentence strategy (Docket 1 at 2), and Kolbeck's breaching attorney-client privilege (Docket 1 at 2). Magistrate Judge Duffy issued her Report and recommended dismissal of all these claims. Docket 24 at 23. Sejnoha filed objections to the Report. Docket 28.

Sejnoha's objections abandon most of the grounds for relief in his initial petition and instead center around one argument: that his plea was invalid because it was not made knowingly, intelligently, and voluntarily with the assistance of reasonably competent counsel. Docket 28 at 1-7. Specifically, Sejnoha claims that this plea was constitutionally deficient because his second attorney, Manuel de Castro, provided deficient performance as Sejnoha's counsel. According to Sejnoha, de Castro failed to file an obviously meritorious motion to suppress certain evidence that was obtained during a warrantless search of his laptop, in violation of his Fourth Amendment rights. *See* Docket 28 at 12-18. Sejnoha argues that de Castro's failure to file this motion was an error so egregious that it fell outside the range of competence demanded of attorneys in criminal cases. Docket 28 at 13.

Sejnoha describes the events surrounding the unlawful search of a laptop as follows. On August 3, 2021, at 9:00 a.m., federal agents arrested

Sejnoha in the parking lot of Badlands Precision, LLC, a gun store where Sejnoha worked. Docket 28 at 13. The officers gained entry to the building upon the third-party consent of the building's owner, George Fournier. *Id.* The officers did not have a search warrant. *Id.* Fournier was out-of-state at the time, so the officers called him to obtain consent to access the building. *Id.* The officers accessed the building using keys they had obtained from a prior search of Sejnoha's car incident to his arrest. *Id.* When the officers entered, they seized every electronic storage device belonging to Badlands Precision, including a locked, password-protected laptop computer. *Id.* The laptop then underwent forensic analysis at a facility in St. Paul, Minnesota. *Id.* at 14. Without this evidence, Sejnoha alleges the prosecution's case would not have been strong enough to persuade Sejnoha to plead guilty. *Id.* at 15.

Sejnoha emphasizes that he raised the suppression issue with de Castro many times. *Id* at 28-29. De Castro's response was to "dismiss[] the question immediately," share his opinion that the search was legal, and express confidence that "[t]hese agents know what they're doing. I'm sure it was a good search." *Id.* at 12, 15-16. De Castro insisted that there was no time remaining to pursue the suppression motion because the case's trial date was quickly approaching and the judge emailed him that morning to warn him there would be no further continuances. *Id.* at 16. De Castro advised Sejnoha to give up on the suppression issue for now and plead guilty. *Id.* De Castro maintained that Sejnoha's best chance for relief was to file a petition for a writ of habeas corpus after entering his plea. *Id.*

In her report and recommendation, Magistrate Judge Duffy explained that "the scope of issues available to be raised [by a § 2255 defendant after entering a guilty plea] is curtailed." Docket 24 at 13. As the Supreme Court held in *Tollett v. Henderson,* 411 U.S. 258 (1973), "[a] guilty plea, voluntarily and intelligently entered, may not be vacated because the defendant was not advised of every conceivable constitutional [issue] he might have to the charge, no matter how peripheral such [an issue] might be to the normal focus of counsel's inquiry." 411 U.S. at 267. The Report and Recommendation explained that Sejnoha's argument that the search of his private office and laptop computer based on defendants' third party consent is "precisely the sort of argument that the Supreme Court considers 'not sufficient' to vacate a guilty plea." Docket 24 at 13-14. Because Sejnoha gave numerous indications of the knowing, voluntary, and intelligent nature of his plea at his change of plea hearings, the Report and Recommendation finds that any complaint of ineffective assistance of counsel based on counsel's failure to file for a motion to suppress is futile. *See id.* at 14; *see also United States v. Vaughan*, 13 F.3d 1186, 1187 (8th Cir. 1994).

In his objections to the Report and Recommendation, Sejnoha maintains that he is not making a collateral attack on his guilty plea because of an unraised constitutional issue that may tend to show his innocence. *See* Docket 28 at 19. Rather, he attacks the knowing, voluntary, and intelligent status of his plea because it was not made with the effective assistance of counsel. *Id.* at 7. As Sejnoha puts it, "no reasonably competent attorney on this earth would

4

allow a warrantless search and seizure, made without exigent circumstances or consent, and refuse to suppress every shred of evidence and pursue an acquittal." *Id.* Sejnoha argues that his counsel's refusal to seek suppression of the laptop evidence fell outside the range of competence demanded of attorneys in criminal cases and prejudiced him because he would not have pleaded guilty had the evidence been suppressed. *Id.* at 19; *see generally Strickland v. Washington*, 466 U.S. 668, 687-91 (1984) (discussing the minimum level of competence demanded of attorneys in criminal cases).

## REVIEW OF REPORT AND RECOMMENDATION

The court's review of a magistrate judge's report and recommendation is governed by 28 U.S.C. § 636 and Rule 72 of the Federal Rules of Civil Procedure. The court reviews de novo any objections to the magistrate judge's recommendations as to dispositive matters that are timely made and specific. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In conducting a de novo review, the court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also United States v. Craft,* 30 F.3d 1044, 1045 (8th Cir. 1994). In the context of a § 2255 motion, the "motion may be dismissed without a hearing if (1) movant's allegations, accepted as true, would not entitle him to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, are inherently incredible, or are conclusions rather than statements of fact." *Winters v. United Sates*, 716 F.3d 1098, 1103 (8th Cir. 2013).

The court reviewed this matter de novo and also reviewed records from Sejnoha's underlying criminal case, *United States v. Sejnoha*, 4:21-CR-40134-KES-01 (D.S.D.). Based on its comprehensive review, the court concludes Sejnoha's objections are without merit.

**I.   Applicable Law**

The Sixth Amendment guarantees the accused the right to the effective assistance of counsel. *Gideon v. Wainwright*, 372 U.S. 335, 339 (1963), (quoting U.S. Const. amend VI); *see also United States v. Cronic*, 446 U.S. 648, 654 (1984). As Sejnoha and Magistrate Judge Duffy's Report and Recommendation both identify, *Strickland* provides the general two-part test for determining if a counsel's assistance "was so defective as to require reversal of a conviction[.]":

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed [to] the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing the counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Strickland*, 466 U.S. at 687. For a defendant's counsel to be constitutionally ineffective, it must fall below an "objective standard of reasonableness," that is, under the "standards sufficient to justify the law's presumption that counsel will fulfill the role in the adversary process that the [Sixth] Amendment envisions." *Id.* This is a tall hurdle to clear, and the Supreme Court has warned against "[i]ntensive scrutiny of counsel and rigid requirements for acceptable assistance," because excessive scrutiny could "discourage the acceptance of

assigned cases, and undermine the trust between attorney and client." *Id* at 690. Certain inactions by defense counsel can sink below this level of reasonableness. "[W]hen an unsubstantiated issue is deemed by both counsel and client to be significant enough to trigger the decision to plead guilty, then there arises a duty on the part of the defense counsel to obtain the specifics surrounding the key factual issue. Such a duty necessarily demands thorough investigation." *Ford v. Parratt*, 673 F.2d 232, 234 (8th Cir. 1982). This can include failure to file a meritorious motion to suppress if it resulted in prejudice. *Kimmelman v. Morrison*, 477 U.S. 365, 375 (1986).

Importantly, in the context of a Sixth Amendment attack on a guilty plea, a criminal defendant "may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within [the range of competence demanded of attorneys in criminal cases]." *Tollett*, 411 U.S. at 267; *see also McMann v. Richardson*, 397 U.S. 759, 770-71 (1970) (reaffirming the principle that the Sixth Amendment entitles criminal defendants to counsel within the range of competence demanded by attorneys in critical cases, not advice that is determined to be correct in retrospect). The Supreme Court has declined to clearly delineate the boundaries of this range of competence, because whether a defendant receives "counsel" is best captured by the standards of the legal profession at the time. *Strickland*, 466 U.S. at 688. "The proper measure of attorney performance remains simply reasonableness under prevailing professional norms." *Id.*

For a defense counsel's ineffectiveness to prejudice the defendant, the "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. In other words, it is not enough for a defendant to show that his incompetent attorney made an error that damaged the effectiveness of his defense. The alleged error must demonstrate a reasonable probability that absent the error, the outcome of the proceeding would have been different. In the context of a defendant seeking to vacate a guilty plea on account of his counsel's inaction, the Supreme Court was clear in *Tollett* that it is "not sufficient that [defendant] show that if counsel had pursued a certain factual inquiry such a pursuit would have uncovered a possible constitutional infirmity in the proceedings." *Tollett*, 411 U.S. at 267. Further, the Eighth Circuit has repeatedly admonished that "courts should not upset a plea solely because of *post hoc* assertions from a defendant about how he would have pleaded but for his attorney's deficiencies." *Meza-Lopez v. United States,* 929 F.3d 1041, 1045 (8th Cir. 2019) (internal quotation marks omitted).

## II.  Analysis

Magistrate Judge Duffy's Report and Recommendation concludes that Sejnoha has not alleged facts sufficient to conclude that he lacked the effective assistance of counsel or that he was prejudiced by that ineffectiveness. Docket 24 at 11-23. This court agrees that Sejnoha has not alleged facts sufficient to conclude that de Castro acted ineffectively. Because *Strickland* requires a

8

showing of both factors of ineffectiveness and prejudice, Sejnoha's motion can be dismissed on the basis that it has failed to show ineffectiveness alone. *See Strickland,* 466 U.S. at 687 ("Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.").

As described in the facts recounted by Sejnoha, de Castro's decision to not file a motion to suppress the laptop evidence appears to reflect his honest impression of the practical realities of Sejnoha's case. Sejnoha describes a situation where he brought the suppression issue to de Castro's attention when his defense "was out of time" and after the presiding judge had informed de Castro that the court would not approve any more continuances. Docket 28 at 16. In their conversation about a prospective motion to suppress evidence obtained from Sejnoha's laptop, de Castro expressed that he was "sure it was a good search" and "these agents know what they are doing." *Id.* at 12. Because the final plea deadline was imminent and he was skeptical that Sejnoha's suppression strategy would succeed, de Castro advised Sejnoha that the best available strategy would be to enter a guilty plea and then pursue a § 2255 motion afterward. *Id.* at 16. This is a reasonable judgment that was informed by de Castro's appraisal of the state of Sejnoha's case and his experience as a criminal defense attorney. "Counsel's concern is the faithful representation of the interest of his client and such representation frequently involves highly practical considerations as well as specialized knowledge of the law." *Tollett*, 411 U.S. at 268.

A review of the record also demonstrates that it is very unlikely that the suppression motion Sejnoha insisted de Castro file would have succeeded. This is because Sejnoha likely had no privacy interest in the data on his laptop. "The established principle is that suppression of the product of a Fourth Amendment violation can be successfully urged only by those whose rights were violated by the search itself, not by those who are aggrieved solely by the introduction of damaging evidence." *Alderman v. United States*, 394 U.S. 165, 171-72 (1969). The Fourth Amendment's protection against unreasonable searches and seizures only extends to searches of property or objects in which one has a reasonable expectation of privacy. *Katz v. United States*, 389 U.S. 347, 360-62 (1967) (Harlan, J., concurring). Whether Sejnoha had a reasonable expectation of privacy in his laptop is doubtful because, judging by Sejnoha's descriptions and those in his presentence report, the laptop likely belonged to Badlands Precision, not to him. *See* Docket 28 at 14 (describing the laptop as essential to Badlands Precision's operations); *United States v. Sejnoha*, 4:21-cr-40134-KES, Docket 81 at 5 (describing the laptop as Sejnoha's work computer, not his personal computer). Sejnoha's objections describe a situation where "work at Badlands Precision could not continue without CNC program files from [Sejnoha's] laptop" and Fournier told authorities that the laptop was "vital to Badland's [sic] operations." Docket 28 at 14. Sejnoha's presentence report describes the laptop as his "work computer" when noting its seizure from Badlands Precision. *United States v. Sejnoha*, 4:21-cr-40134-KES, Docket 81 at 5. And Sejnoha was not the owner of Badlands Precision—only an employee—

10

which is verified because he did not list Badlands Precision as an asset in his presence report. *Id.*

Under some circumstances, an individual can have a reasonable expectation of privacy in a work-issued computer. *See Biby v. Bd. Of Regents of Univ. of Neb. at Lincoln*, 419 F.3d 845, 850 (8th Cir. 2005); *see also United States v. Castillo*, 2021 WL 1929547, at *4 (N.D. Iowa May 13, 2021); *United States v. Ziegler*, 474 F.3d 1184, 1189-90 (9th Cir. 2007); *Leventhal v. Knapek*, 266 F.3d 64, 73 (2d Cir. 2001). Whether the individual has an expectation of privacy hinges on factors such as the nature of the workplace and an employer's policies. *Biby*, 419 F.3d at 850-51. But even if Sejnoha did have a reasonable expectation of privacy in the work laptop, it was taken as part of a search to which Fournier consented. *See* Docket 28 at 14. "To prove voluntary consent, the [g]overnment 'is not limited to proof that consent was given by the defendant, but may show that permission to search was obtained from a third party who possessed common authority over or other sufficient relationship to the premises or effects sought to be inspected.' " *Castillo*, 2021 WL 1929547, at *6 (quoting *United States v. Matlock*, 415 U.S. 164, 171 (1974)). Sejnoha argues that because his laptop was password protected, this line of reasoning is precluded. Docket 28 at 14-15. But district courts within the Eighth Circuit do not treat an individual's exclusive knowledge of a computer's password as dispositively proving that no one else has access, mutual use, or authority over it. *See United States v. Bailey*, 272 F. Supp. 2d 822, 836 (D. Neb. 2003) (concluding that a claim to expectation of privacy in a work laptop is not

11

credible despite the laptop being password protected). Because Fournier had authority to consent to the search of the laptop, de Castro had sound reason to believe a motion to suppress the resulting data would have failed.

    Whether or not de Castro's skepticism of Sejnoha's idea to move to suppress the laptop evidence was merited does not wholly answer whether de Castro's inaction was egregious enough to constitute ineffective assistance of counsel. As Sejnoha recognizes, "failure to file a suppression motion does not constitute *per se* ineffective assistance of counsel." *Kimmelman,* 477 U.S. at 384. Further, "it is not sufficient for the criminal defendant seeking to set aside [a guilty] plea to show that his counsel in retrospect may not have correctly appraised the constitutional significance of certain historical facts." *Tollett,* 411 U.S. at 267. De Castro's response to Sejnoha's request for a last-minute suppression motion, as described by Sejnoha, reflects a balancing of multiple strategic considerations, including the then-present stage of Sejnoha's litigation and the likelihood that an inquiry into Sejnoha's evidentiary concerns would bear fruit. In his objections, Sejnoha frequently repeats the mantra that he, as the accused, should have been the "master of his own defense," but it is his attorney's role to employ his professional expertise to make binding decisions of litigation strategy. *See Robert Leroy Mccoy v. Louisiana,* 584 U.S. 414, 414-15 (2018) (elaborating on the principle that trial outcomes are up to the client, while trial management is the lawyer's province); *see also Faretta v. California,* 422 U.S. 806, 820 (1975). Thus, this court agrees with Magistrate Judge Duffy's recommendation that Sejnoha's account of de Castro's decision-

making does not demonstrate an error so significant that he was not acting as counsel as guaranteed to him by the Sixth Amendment.

### III. Motion to Amend

Sejnoha also filed amended grounds to vacate his sentence on September 17, 2025. Docket 31. His original motion was filed on June 10, 2024. *See* Docket 1. The time permitted to submit an amended pleading under the Federal Rules of Civil Procedure as a matter of course is 21 days after the original pleading is served or 21 days after service of a responsive pleading. Fed. R. Civ. P. 15(a)(1)(A)-(B). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the courts leave." Fed. R. Civ. P. 15(a)(2). "Although pro se pleadings are to be construed liberally, pro se litigants are not excused from failing to comply with substantive and procedural law." *Burgs v. Sissel,* 745 F.2d 526, 528 (8th Cir. 1984). Because these amended grounds were filed more than 21 days after the original pleading was served and more than 21 days after service of the responsive pleading, Sejnoha needed leave of court to amend his pleading. Sejnoha did not file his amended pleading until after the government filed its response to Sejnoha's initial petition and Magistrate Judge Duffy issued her Report and Recommendation. And Sejnoha has not set forth any argument to justify this delay. Thus, Sejnoha's motion to amend his petition is denied.

### CERTIFICATE OF APPEALABILITY

When a district court denies a petitioner's § 2255 motion, the petitioner must first obtain a certificate of appealability before an appeal of that denial

13

may be entertained. *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). This certificate may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A "substantial showing" is one that proves "reasonable jurists would find the district court's assessment of the constitutional claims are debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Stated differently, "[a] substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris,* 13 F.3d 565, 569 (8th Cir. 1997).

This court finds that Sejnoha has not made a substantial showing that his claims are debatable among reasonable jurists, that another court could resolve the issue raised in his claim differently, or that a question raised by his claim deserves additional proceedings. Thus, a certificate of appealability is not issued.

## CONCLUSION

The court accepts the findings and recommendations of Magistrate Judge Duffy in full as supplemented herein. Therefore, it is

ORDERED that the report and recommendation of the magistrate judge (Docket 24) is adopted in full as supplemented herein and the motion to dismiss (Docket 18) is overruled.

IT IS FURTHER ORDERED that Sejnoha's objection to the Report and Recommendation (Docket 28) is denied.


IT IS FURTHER ORDERED that Sejnoha's motion to amend (Docket 29) is denied.

Dated January 5, 2025.

BY THE COURT:

/s/ Karen E. Schreier
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE