UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| JASON SEJNOHA,<br><br>Movant,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | 4:24-CV-04107-KES<br><br>ORDER DENYING MOTION FOR RECONSIDERATION |

Movant, Jason Sejnoha, moves for reconsideration of the court's order adopting the Report and Recommendation and dismissing his § 2255 motion. Docket 34. Sejnoha also requests that the court reconsider its denial of a certificate of appealability. *Id.* Sejnoha argues reconsideration is proper because the court's order includes several errors of fact and law. *Id.*; Docket 35. The court issues the following order.

## BACKGROUND

The court relies upon the factual backgrounds provided in Magistrate Judge Duffy's Report and Recommendation, Docket 24 at 2-8, and this court's order adopting the Report and Recommendation, Docket 32 at 1-5. The court only includes a short procedural history below.

On June 10, 2024, Sejnoha filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Docket 1; Docket 2. In his motion, among other grounds Sejnoha identified as warranting habeas relief, he argued

that his entry of a guilty plea was invalid due to the ineffective assistance of his attorneys, Ryan Kolbeck and Manuel de Castro. Docket 1. Magistrate Judge Duffy issued a report recommending that all of Sejnoha's claims be dismissed. Docket 24 at 23. In his objections to the Report and Recommendation, Sejnoha dropped most of the grounds of relief identified in his initial motion and instead solely asserted that his guilty plea was invalid because de Castro failed to file an obviously meritorious motion to suppress certain evidence that was obtained during a warrantless search of his laptop. Docket 28 at 12-18. As such, Sejnoha concluded that his guilty plea was not made knowingly, intelligently, and voluntarily with the assistance of reasonably competent counsel. *Id.* at 1-7. On January 5, 2026, the court overruled Sejnoha's objections and dismissed his § 2255 motion. Docket 32. Twenty-eight days later, Sejnoha filed his current motion for reconsideration. Docket 34.

## LEGAL STANDARD

Although, "[t]he Federal Rules of Civil Procedure do not account for 'motions to reconsider[,]' " *Nelson v. Am. Home Assur. Co.*, 702 F.3d 1038, 1043 (8th Cir. 2012), courts "typically construe such a filing as a Rule 59(e) motion to alter or amend the judgment or as a Rule 60(b) motion for relief from judgment[,]" *Ackerland v. United States*, 633 F.3d 698, 701 (8th Cir. 2011). While Sejnoha does not specifically identify which rule his motion falls under, *see generally* Docket 34; Docket 35, Sejnoha argues that reconsideration is appropriate because the court made clear errors of fact and law in its order dismissing his § 2255 motion, Docket 34 at 1. As such, the court construes his

2

motion for reconsideration as a motion brought under Rule 59(e). *See, e.g.,* *Innovative Home Health Care, Inc. v. P.T.-O.T. Assocs. of the Black Hills*, 141 F.3d 1284, 1286 (8th Cir. 1998) (finding that Rule 59(e) motions serve to correct "manifest errors of law or fact or to present newly discovered evidence" (internal quotation marks omitted)).

Federal Rule of Civil Procedure 59(e) provides that "[a] motion to alter or amend judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). "Rule 59(e) motions serve a limited function of correcting manifest errors of law or fact or to present newly discovered evidence." *Innovative Home Health Care, Inc.*, 141 F.3d at 1286 (internal quotation marks omitted and citation modified). Although a Rule 59(e) motion can be based on newly discovered evidence, it "cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment." *United States v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006) (internal quotation omitted).

## DISCUSSION

In its order adopting the Report and Recommendation and dismissing Sejnoha's § 2255 motion, the court found that Sejnoha's counsel, de Castro, did not provide ineffective assistance of counsel by failing to file a motion to suppress evidence obtained from Sejnoha's laptop. *See* Docket 32 at 12-13. The court reasoned that de Castro's decision to forego filing a suppression motion was not deficient because it "reflect[ed] his honest impression of the practical

3

realities of Sejnoha's case." *Id.* at 9. Additionally, the court determined that it was unlikely a motion seeking to suppress the search and seizure of Sejnoha's laptop would have been meritorious because it was doubtful that Sejnoha had a reasonable expectation of privacy in his laptop and even if Sejnoha had a reasonable expectation of privacy in his laptop, the owner of the building, Dr. Fournier, consented to the search. *Id.* at 10-13.

In his motion for reconsideration, Sejnoha raises several factual and legal challenges to the court's conclusion that a suppression motion would not have been meritorious. *See generally* Docket 35. First, Sejnoha challenges the court's determination that the laptop likely belonged to Badlands Precision, and not Sejnoha. *Id.* at 5-6. Sejnoha now asserts that he purchased the laptop to complete on-site design work for Badlands Precision and that Dr. Fournier did not use or have access to the laptop. *Id.* at 5. Second, Sejnoha argues that because he satisfies the three factors laid out in *United States v. Clutter*, 674 F.3d 980 (8th Cir. 2012), Dr. Fournier did not have actual or apparent common authority to consent to a search of the laptop. *Id.* at 35-38. As such, Sejnoha concludes that despite Dr. Fournier's consent allowing officers to search the office building, the search of his private office violated the Fourth Amendment. *Id.* at 6-13. Third, Sejnoha challenges the court's determination that he did not have a reasonable expectation in the privacy of his laptop. *Id.* at 13-21. And fourth, Sejnoha contends that because courts could resolve the suppression issue differently, the court erred by declining to issue a certificate of appealability. *Id.* at 35-65.

4

Many of the arguments Sejnoha raises in his motion for reconsideration, however, were previously raised in his § 2255 petition and his objections to the report and recommendation, *see generally* Docket 2; Docket 28, which the court addressed, *see* Docket 32. Without identifying some manifest error made by the court, Sejnoha cannot use his motion for reconsideration to simply restate arguments that the court previously rejected. *See, e.g., Schoffstall v. Henderson*, 223 F.3d 818, 827 (8th Cir. 2000) (upholding denial of Rule 59(e) motion where movant merely restated arguments raised in her initial briefing); *Voss v. Housing Auth. of the City of Magnolia, Ark.*, 917 F.3d 618, 626 n.6 (8th Cir. 2019) (finding same).

Instead, Sejnoha's arguments appear to indicate his disagreement with the outcome of the court's order. For instance, rather than argue that the court applied the wrong legal standard, Sejnoha cites to the same caselaw the court used in analyzing his claims in its order, but he arrives at a different conclusion. *Compare* Docket 32 at 11 (analyzing whether Dr. Fournier had common authority over the laptop by determining whether he had "access, mutual use, or authority over it"), *with* Docket 35 at 6-13 (Sejnoha arguing that the correct standard is whether Dr. Fournier had common authority over the laptop by looking at whether he had "[j]oint access or control for most purposes"). Additionally, Sejnoha identifies new caselaw he seeks the court to rely on, such as the Eighth Circuit's decision in *Clutter*, but these cases were decided prior to judgment being entered in this case, and Sejnoha fails to provide an adequate reason for why the court should consider such arguments

5

now. *See* Docket 35 at 35-38. Thus, while Sejnoha may disagree with the court's analysis and conclusions in its order, merely reiterating his arguments and identifying legal arguments he should have raised in his initial briefings will not persuade the court to find that he has made a substantial showing of a violation of his constitutional rights. *See Banister v. Davis,* 590 U.S. 504, 508 (2020); *Innovative Home Health Care, Inc.,* 141 F.3d at 1286.

Moreover, the "new" facts Sejnoha identifies in his motion for reconsideration could and should have been raised in his initial § 2255 motion. For example, Sejnoha states that he was not just an employee of Badlands Precision at the time of the search and seizure of his laptop, but was an equal owner of the business with Dr. Fournier. *See* Docket 35 at 3. Additionally, Sejnoha states that the laptop was not a "work computer" as the court found, but was instead, his personal laptop that he would use to perform work at Badlands Precision. *See id.* at 5-6. Because Sejnoha fails to provide an adequate reason why these new factual assertions were not raised in his previous filings, the court need not address such assertions. *Banister,* 590 U.S. at 508 (finding that in considering a Rule 59(e) motion, "courts will not address new arguments or evidence that the moving party could have raised before the decision issued.").

Additionally, even if the court accepts these facts as true, Sejnoha is not entitled to the relief he seeks because he has still failed to demonstrate that de Castro's performance was deficient under the Sixth Amendment. To successfully "set aside his guilty plea on the ground of ineffective assistance of

counsel, [Sejnoha] needed to demonstrate that his counsel's performance 'fell below an objective standard of reasonableness' and that 'there is a reasonable probability that, but for counsel's errors, [Sejnoha] would not have pleaded guilty and would have insisted on going to trial.' " *Iron Wing v. United States*, 34 F.3d 662, 664 (8th Cir. 1994) (quoting *Hill v. Lockhart*, 474 U.S. 52, 57-59 (1985)). Sejnoha "may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within [the range of competence demanded of attorneys in criminal cases]." *Tollett v. Henderson*, 411 U.S. 258, 267 (1973); *see also McMann v. Richardson,* 397 U.S. 759, 770-71 (1970) (reaffirming the principle that the Sixth Amendment entitles criminal defendants to counsel within the range of competence demanded by attorneys in criminal cases, not advice that is determined to be correct in retrospect). As such, "[a] guilty plea, voluntarily and intelligently entered, may not be vacated because the defendant was not advised of every conceivable constitutional [issue] he might have to the charge, no matter how peripheral such [an issue] might be to the normal focus of counsel's inquiry." *Tollet*, 411 U.S. at 267.

Beyond attacking the court's conclusions as to the merits of a suppression motion, none of the arguments and factual assertions Sejnoha raises in his motion for reconsideration addresses the court's conclusion that de Castro's advice and performance did not fall below an objective standard of

7

reasonableness.[1] *See* Docket 35. Instead, as the court explained in its order, "de Castro's decision to not file a motion to suppress the laptop evidence appears to reflect his honest impression of the practical realities of Sejnoha's case." Docket 32 at 9. The court determined that this was a "reasonable judgment that was informed by de Castro's appraisal of the state of Sejnoha's case and his experience as a criminal defense attorney." *Id.*; *see also id.* at 12 (reasoning that de Castro's decision "reflect[ed] a balancing of multiple strategic considerations" that did not constitute ineffective assistance of counsel). The court also finds it relevant that prior to retaining de Castro, Sejnoha's prior attorney, Kolbeck, also determined that filing a suppression motion was unwarranted. *See* Docket 35 at 21-23 (Sejnoha asserting that Kolbeck's failure to file a suppression motion was also constitutionally deficient performance). Where two of Sejnoha's attorneys determined that a suppression motion was unwarranted despite knowing the facts Sejnoha presents in his motion for reconsideration, *see, e.g., id.* at 21-23, 26 (Sejnoha stating that he informed Kolbeck of how the laptop was searched from his "private, locked office where

---

[1] As the court explained in its order dismissing Sejnoha's § 2255 motion, "[w]hether or not de Castro's skepticism of Sejnoha's idea to move to suppress the laptop evidence was merited does not wholly answer whether de Castro's inaction was egregious enough to constitute ineffective assistance of counsel[,]" Docket 32 at 12, because "failure to file a suppression motion does not constitute *per se* ineffective assistance of counsel," *Kimmelman v. Morrison*, 477 U.S. 365, 384 (1986). Thus, Sejnoha's arguments in his motion for reconsideration, which solely address the relative merits or likelihood of success of a potential suppression motion, fail because demonstrating that "counsel in retrospect may not have correctly appraised the constitutional significance of certain historical facts," is insufficient for a defendant to successfully set aside a guilty plea. *Tollett*, 411 U.S. at 267.

he stores his personal property," and alleging that he provided de Castro with a "self[-]styled motion to suppress all evidence from the office search and computer search originally discussed in the very searched office"), it seems unlikely that de Castro's performance "fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). As such, the court finds that Sejnoha has failed to point to a clear error in the court's order requiring reconsideration of its determination that de Castro's decision to forego filing a last-minute suppression motion was constitutionally deficient performance. Thus, Sejnoha's motion for reconsideration is denied.

## CERTIFICATE OF APPEALABILITY

When a district court denies a petitioner's § 2255 motion, the petitioner must first obtain a certificate of appealability before an appeal of that denial may be entertained. *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). This certificate may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A "substantial showing" is one that proves "reasonable jurists would find the district court's assessment of the constitutional claims are debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Stated differently, "[a] substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris*, 13 F.3d 565, 569 (8th Cir. 1997).

Sejnoha cites to several cases from other circuit courts on the issue of apparent and actual authority a third party may have over a defendant's

9

computer. *Docket* 35 at 43-60. But in the context of analyzing whether a movant is entitled to relief under § 2255 on the claim that a guilty plea was not made knowingly, intelligently, and voluntarily with the assistance of reasonably competent counsel, *see* Docket 28 at 1-7; Docket 34, the court finds that Sejnoha has not made a substantial showing that his claims are debatable among reasonable jurists, that another court could resolve the issue raised in his claim differently, or that a question raised by his claim deserves additional proceedings. Thus, a certificate of appealability is not issued.

## CONCLUSION

Based on the foregoing, it is

ORDERED that Sejnoha's motion for reconsideration (Docket 34) is denied.

Dated July 16, 2026.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE